**UNITED STATES of America,**
**Appellee,**

v.

**Robert VELEZ, Defendant–Appellant.**

No. 04–3875.

United States Court of Appeals,
Second Circuit.

March 2, 2005.

Lawrence D. Gerzog, New York, NY, for Appellant.

Mary K. Barr, Special Assistant United States Attorney (Peter A. Norling, Assistant United States Attorney, Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief), United States Attorney's Office for the Eastern District of New York, New York, NY, for Appellee.

PRESENT: LEVAL, CABRANES and KATZMANN, Circuit Judges.

## SUMMARY ORDER

Following a guilty plea, defendant Robert Velez was convicted of two counts of conspiring to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951, and was sentenced principally to a term of imprisonment of 120 months on the first count and 63 months on the second count, with the sentences to run concurrently. Defendant alleges that the District Court violated his Sixth Amendment rights when it enhanced his sentencing range based on facts not found by a jury nor admitted by him.

In light of the Supreme Court's decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and this Court's decision in *United States v. Crosby*, No. 03–1675, 2005 U.S.App. LEXIS 1699, 2005 WL 240916 (2d Cir. Feb.2, 2005), this case is remanded so that the District Court may consider whether to re-sentence defendant, in conformity with the currently applicable statutory requirements explicated in the *Crosby* opinion.

Any appeal taken from the District Court following this remand can be initiated only by filing a new notice of appeal. *See* Fed. R.App. P. 3, 4(b).

A party will not waive or forfeit any appropriate argument on remand or on any appeal post-remand by not filing a

petition for rehearing of this remand order.

Defendant's motion for reassignment is denied.

The mandate shall issue forthwith.